IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-21037
Summary Calendar
_____

LEROY WAFER,

                                        Plaintiff-Appellant,

versus

GARY JOHNSON, Warden; T.R. CARTER;
S.O. WOODS, JR.; VICTOR RODRIGUEZ;
MELINDA BOZARTH; JUANITA LLAMAS;
BOARD OF PARDONS AND PAROLES;
A.L. LOSACK; K. HELMBOLD,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-96-3017
- - - - - - - - - - -
December 3, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Leroy Wafer, Texas prisoner # 289279, moves this court for

leave to proceed on appeal *in forma pauperis* (IFP) from the

dismissal of his 42 U.S.C. § 1983 civil rights action as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The

district court certified pursuant to Fed. R. App. P. 24(a) that

Wafer's appeal was not taken in good faith.  Wafer's motion for

leave to proceed IFP on appeal is treated as a challenge to the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  This court reviews a 28 U.S.C. § 1915(e)(2)(B) dismissal for abuse of discretion.  Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Wafer argues that the district court abused its discretion in denying his motion to recuse the magistrate judge under 28 U.S.C. § 455.  Because Wafer did not demonstrate that the magistrate judge had a bias resulting from a personal, extrajudicial source, the district court did not abuse its discretion in dismissing Wafer's motion to recuse the magistrate judge.  See United States v. MMR Corp., 954 F.2d 1040, 1044 (5th Cir. 1992); United States v. Harrelson, 754 F.2d 1153, 1165 (5th Cir. 1985).

Wafer argues that the district court erred in denying his claim that the defendants violated his due process rights by altering his mandatory release date and in retroactively applying a Texas statute which provides that forfeited good time credits will not be restored.  Because Wafer has not shown that the disciplinary proceedings resulting in the alteration of his mandatory release date have been invalidated, the district court did not abuse its discretion in dismissing Wafer's claims for monetary damages under § 1983.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 117 S. Ct. 1584, 1589 (1997).

Wafer argues that the district court abused its discretion in denying his motion for class action certification.  Because Wafer did not demonstrate that the prerequisites for maintaining

a class action under Fed. R. Civ. P. 23 were met, the district court did not abuse its discretion in Wafer's motion for class action certification.

Wafer did not raise or brief his retaliation or mail-tampering claims in his appellate brief. Therefore, he abandoned these issues on direct appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

To the extent that Wafer raised a potential habeas claim concerning the alteration of his mandatory release date, Wafer has raised an issue of arguable merit. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Therefore, Wafer's IFP motion is GRANTED. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The district court's judgment is MODIFIED to be without prejudice to any potential habeas claims and AFFIRMED as modified.

IFP MOTION GRANTED; DISTRICT COURT'S JUDGMENT MODIFIED TO BE WITHOUT PREJUDICE TO ANY POTENTIAL HABEAS CLAIMS AND AFFIRMED AS MODIFIED.